UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BERNARD KERMELL POLLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00260-HAB-SLC |
| ) | |
| INDIANA DEPARTMENT OF CHILD ) | |
| SVCS., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On September 20, 2021, *pro se* Plaintiff filed a motion to reconsider (ECF 41) this Court's September 15, 2021, Order (ECF 40) granting Defendant's motion for extension of the discovery and dispositive motion deadlines (ECF 37). Defendant file a response in opposition to the motion to reconsider on September 27, 2021. (ECF 42). Plaintiff has not filed a reply, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3).

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269 (citation omitted).

In granting the motion for extension on September 15, 2021, the Court observed that

Plaintiff did not file a response to the motion within the time allotted by Local Rule 7-1(d)(3). (ECF 40). Now, Plaintiff states that he "had a family emergency in Florida on September 2, 2021 and just returned September 15, 2021." (ECF 41 ¶ 2). He contends that Defendant should have shared his objection to the motion for extension with the Court, and further, that he "was not aware of the need to make a separate motion to the [C]ourt since the position was shared [to Defendant's counsel] through email and should have been sent forward [to the Court]]." (*Id.* ¶¶ 3, 4). He asks that the Court now reconsider its Order granting the extension because of his "circumstances" and because Defendant "always seems to need more time." (*Id.* ¶ 4).

However, Defendant *did* inform the Court in its motion for extension that Plaintiff objected to the requested extension. (ECF 37 ¶ 11). Yet, based on Defendant's motion, the Court found good cause to grant the extension of the discovery and dispositive motions. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); (*see* ECF 37 ¶¶ 6-10). If Plaintiff needed more time to file a response articulating specific grounds for the objection, then he should have filed a motion seeking an extension of time to do so in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed. R. Civ P. 6(b); N.D. Ind. L.R. 6-1(a), 7-1(d). "[E]ven pro se litigants must follow procedural rules." *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ((citation omitted).

In short, Plaintiff has not shown that he has "newly discovered evidence" or that the Court committed a "manifest error[] of law or fact" in granting Defendant's motion to extend the discovery and dispositive motions deadlines. *Caisse Nationale De Credit Agricole*, 90 F.3d at

1269 at 1269.  Therefore, Plaintiff's motion to reconsider (ECF 41) is DENIED.

    SO ORDERED.

    Entered this 15th day of October 2021.

    /s/ Susan Collins
    Susan Collins
    United States Magistrate Judge